IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| MICHELE HILL, : | |
| : | |
| Plaintiff, : | |
| : | CIVIL ACTION |
| v. : | |
| : | FILE NO. 1:14-cv-2248-JEC |
| JADE PETHEL AND : | |
| McVICKER & ASSOCIATES : | |
| INC. : | |
| Defendants. : | |

# COMPLAINT

COMES NOW Michele Hill ("Plaintiff"), and brings this action against defendants Jade Pethel ("Defendant Pethel") and McVicker & Associates Inc. ("Defendant McVicker") (collectively, "Defendants"), by and through her attorney, and alleges as follows:

1.

This action includes claims brought under the Fair Labor Standards Act ("FLSA") to recover damages from Defendants for overtime compensation, minimum wages, liquidated damages, and reasonable and necessary attorneys' fees and costs.

1

2.

This action also includes claims sounding in contract and tort to recover damages from Defendants in an amount to be proven at trial.

## **JURISDICTION**

3.

This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1337 and this Court has the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. § 2201 et. seq.

4.

This Court has supplemental subject matter jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. 1367, as they are so related to the FLSA claims that they constitute part of the same case or controversy.

5.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

## **PARTIES**

6.

Plaintiff is a Georgia resident with a primary address of 745 Tuckahoe Trail, Johns Creek, Georgia 30022.

7.

Defendant McVicker is a Georgia corporation operating as an Allstate insurance agency with a principal address of 2000 Abbey Ct, Alpharetta, Georgia, 30004.

8.

Defendant Pethel is the principal of McVicker and Associates, Inc. and has control of the company's day to day operations and therefore is an employer within the meaning of the FLSA, 29 U.S.C. § 203(d).

## FACTS RELEVANT TO ALL COUNTS

9.

Defendants are employers as defined by 29 U.S.C. § 201 et seq.  Defendant McVicker may be served pursuant to Rule 4 of the Federal Rules of Civil Procedure by service on its Registered Agent, Jade Pethel, 2000 Abbey Court, Alpharetta, Fulton County, Georgia 30004. Defendant Pethel may be served at 2000 Abbey Court, Alpharetta, Fulton County, Georgia 30004.

10.

At all material times relevant to this Complaint, Plaintiff was an employee of Defendants, as defined by 29 U.S.C. § 201 et seq, and worked for Defendants as a Customer Service Representative.

11.

Plaintiff was employed by Defendants as a Customer Service Representative from July 15, 2013, until June 2014.

## **VIOLATIONS OF THE FLSA**

12.

At all material times relevant to this action, Defendant McVicker was an enterprise covered by the FLSA, as defined by 29 U.S.C. §§ 203(r) and 203(s).

13.

At all material times relevant to this Complaint, Plaintiff was individually engaged in interstate commerce and/or engaged in the production of goods for commerce on a regular and recurring basis, and Plaintiff engaged in interstate work for Defendants by, for example, working with Allstate Insurance Company, based out-of-state, to assist clients with matters concerning Allstate Insurance.

14.

During the time period relevant to this Complaint, Defendants failed to comply with 29 U.S.C. §§ 201-209 because, during Plaintiff's employment with Defendants, Plaintiff was not paid the required minimum wage for all hours worked, including working hours for which she did not receive any compensation at all.

15.

During the time period relevant to this Complaint, Defendants failed to comply with 29 U.S.C. §§ 201-209 because, during Plaintiff's employment with Defendants, Plaintiff was not paid time and one-half her regular rate of pay for all hours worked in excess of forty (40) within a work-week during one or more work-weeks.

16.

Upon information and belief, the complete records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

## COUNT I – RECOVERY OF MINIMUM WAGES

17.

Plaintiff re-incorporates and re-adopts all allegations contained in Paragraphs 1-16 above.

18.

Plaintiff was entitled to be paid at least the prevailing minimum wage for each hour she worked during her employment with Defendants.

19.

Plaintiff's employment with Defendants was terminated in or about June 2014, and, although Plaintiff has demanded her final pay check from Defendants, Defendants have refused and/or failed to tender same.

20.

Defendants willfully failed to pay Plaintiff the prevailing minimum wage for one or more weeks of work in violation of 29 U.S.C. § 206.

21.

As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff has been damaged in an amount to be proven at trial.

**COUNT II – RECOVERY OF OVERTIME COMPENSATION**

22.

Plaintiff re-incorporates and re-adopts all allegations contained within Paragraphs 1-21 above.

23.

Plaintiff is entitled to receive proper payment of time and one-half her regular rate of pay for each hour worked in excess of forty (40) hours per week.

24.

During her employment with Defendants, Plaintiff routinely worked overtime hours for which she was not properly compensated.

25.

Defendants willfully and deliberately failed to pay Plaintiff time and one-half her regular rate of pay for each hour she worked in excess of forty (40) hours per week.

26.

As a direct and proximate result of Defendants' deliberate and willful failure to pay Plaintiff time and one-half her regular rate of pay for each hour she worked in excess of forty (40) hours per week, Plaintiff has been damaged in an amount to be proven at trial.

## COUNT III – BREACH OF CONTRACT

27.

Plaintiff hereby re-incorporates and re-adopts all allegations contained in Paragraphs 1-26 above.

28.

In exchange for providing services as a Customer Service Representative on behalf of Defendants, Defendants agreed to pay Plaintiff a fixed monthly salary, plus bonuses, incentives, and/or other compensation.

29.

Upon the termination of her employment, Plaintiff was entitled to receive from Defendants her final pay check, including compensation for paid days off, and any applicable bonuses, incentives, and/or other contractually guaranteed compensation.

30.

Upon the termination of Plaintiff's employment, Defendants willfully failed to tender to Plaintiff her final pay check as well compensation for paid days off, and any applicable bonuses, incentives, and/or other contractually guaranteed compensation, constituting a breach of contract.

31.

As a direct and proximate result of Defendants' failure to pay Plaintiff's final pay check as well compensation for paid days off, and any applicable bonuses, incentives, and/or other contractually guaranteed compensation, Plaintiff has been damaged in an amount to be proven at trial.

## COUNT IV – INVASION OF PRIVACY

32.

Plaintiff hereby re-incorporates and re-adopts all allegations contained in Paragraphs 1-31 above.

33.

On or about June 5, 2014, Plaintiff requested and was granted a leave of absence so that Plaintiff could recover from an ongoing medical condition.

34.

On or about June 5, 2014, Defendants demanded that Plaintiff provide an explanation of the nature of her medical condition as well as her medical history. Plaintiff replied that her medical information was private, and that she did not wish to share it with Defendants.

35.

On or about June 5, 2014, Plaintiff took a leave of absence from work, authorized by Defendants.

36.

In or about June 2014, Defendants contacted Plaintiff's personal physician, without Plaintiff's consent, and requested that the physician confirm that Plaintiff

was a patient, verify the existence and nature of Plaintiff's medical conditions, and reveal to Defendants Plaintiff's medical history.

37.

Defendants' actions in contacting and questioning Plaintiff's personal physician were outrageous and extremely unreasonable, and constituted an intrusion into Plaintiff's seclusion and an invasion of her privacy.

38.

As a direct and proximate result of Defendants' invasion of Plaintiff's privacy, Plaintiff has been damaged in an amount to be proven at trial.

## COUNT V – LIQUIDATED DAMAGES

39.

Plaintiff hereby re-incorporates and re-adopts all allegations contained in Paragraphs 1-38 above.

40.

Defendants' actions with respect to their failure to pay Plaintiff both the prevailing minimum wage for all hours worked and time and one half for all hours worked above forty (40) in a work-week were willful and deliberate.

41.

There is no evidence that Defendants' actions in failing to pay Plaintiff either the prevailing minimum wage or proper overtime compensation were in good faith and based on reasonable grounds for believing that their conduct did not violate the FLSA.

42.

Defendants' actions and lack of good faith in failing to comply with the FLSA give rise to a claim for unpaid compensation for up to three (3) years prior to the filing of this Complaint and liquidated damages in an amount equal to the unpaid compensation.

## COUNT VI – PUNITIVE DAMAGES

43.

Plaintiff hereby re-incorporates and re-adopts all allegations contained in Paragraphs 1-42 above.

44.

Defendant's tortious conduct was such that it is clear that their actions arise to willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences.

45.

As a result of Defendants conduct, Plaintiff should be awarded punitive damages in an amount awarded by the enlightened conscience of a jury.

## PRAYER

WHEREFORE, Plaintiff respectfully prays that this Court do the following:

1. Issue a declaratory judgment that Defendants have engaged in unlawful employment practices in violation of the FLSA with respect to Plaintiff;

2. Require Defendants to pay Plaintiff damages for lost overtime compensation calculated at one and one half times Plaintiff's hourly rate of pay for all hours worked above forty (40) in a work-week;

3. Require Defendants to pay Plaintiff damages for all hours she worked and for which Defendants failed to pay Plaintiff the prevailing minimum wage;

4. Require Defendants to pay Plaintiff liquidated damages as provided for under the FLSA as well as Plaintiff's reasonable attorney's fees;

5. Require Defendants to pay Plaintiff damages for Defendants' breach of contract;

6. Require Defendants to pay Plaintiff damages, including punitive damages, for Defendants' invasion of Plaintiff's privacy;

7. Permit a trial by jury on all issues so triable; and

8. Provide such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

**PLAINTIFF HEREBY DEMANDS A JURY TRIAL ON ALL CLAIMS FOR WHICH SHE HAS A RIGHT TO A JURY.**

Respectfully submitted this 15th day of July 2014.

**MBW LAW, LLC**

s/Michael B. Weinstein
Michael B. Weinstein
Georgia Bar No. 746386
949 Image Avenue – Suite B
Atlanta, GA 30318
(404) 228-2629 (O)
(888) 231-0613 (F)
*Attorney for Plaintiff*